O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ANTHONY PHILLIPS COSME,

            Plaintiff,

     vs.

LASD, et al.,

            Defendants.

Case No. CV 09-2363-CAS (DTB)

ORDER DISMISSING FIRST
AMENDED COMPLAINT WITH
LEAVE TO AMEND

On February 3, 2009, plaintiff filed a <u>pro</u> <u>se</u> civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of California.  The action subsequently was transferred to the Central District of California pursuant to 28 U.S.C. § 1406(a).  On April 14, 2009, plaintiff was granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  On July 13, 2009, the Court dismissed the Complaint with leave to amend.  On September 16, 2009, plaintiff filed his First Amended Complaint ("FAC").

As he did in the Complaint, in the FAC, plaintiff names as defendants the Los Angeles County Sheriff's Department ("LACSD"), and two LACSD deputies, Deputy Chavez and Deputy West.[1]  According to the allegations of the FAC, the gravamen of plaintiff's claims is that Deputies Chavez and West stopped plaintiff on December 4,

---

[1]     Plaintiff named the County of Los Angeles as a defendant in the Complaint, but has not included it in the FAC.

1

1   2007, while plaintiff was driving a Range Rover that was registered to his wife.

2   Plaintiff alleges violations of the Fourth Amendment and the Due Process Clause of

3   the Fourteenth Amendment arising from his subsequent detention by the deputies as

4   well as their search of his vehicle.  Plaintiff purports to be seeking compensatory and

5   punitive damages.

6   In accordance with the terms of the "Prison Litigation Reform Act of 1995"

7   ("PLRA"), the Court now has screened the FAC prior to ordering service for purposes

8   of determining whether the action is frivolous or malicious; or fails to state a claim on

9   which relief may be granted; or seeks monetary relief against a defendant who is

10  immune from such relief.  See 28 U.S.C. §§ 1915(e)(2).

11  The Court's screening of the FAC under the foregoing statute is governed by

12  the following standards.  A complaint may be dismissed as a matter of law for failure

13  to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2)

14  insufficient facts under a cognizable legal theory.  See Balistreri v. Pacifica Police

15  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Since plaintiff is appearing pro se, the

16  Court must construe the allegations of the FAC liberally and must afford plaintiff the

17  benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621,

18  623 (9th Cir. 1988).  Moreover, in determining whether the FAC states a claim on

19  which relief may be granted, its allegations of material fact must be taken as true and

20  construed in the light most favorable to plaintiff.  See Love v. United States, 915 F.2d

21  1242, 1245 (9th Cir. 1989).  However, "a plaintiff's obligation to provide the

22  'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

23  a formulaic recitation of the elements of a cause of action will not do. … Factual

24  allegations must be enough to raise a right to relief above the speculative level."  Bell

25  Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d

26  929 (2007) (internal citations omitted); see also Ashcroft v. Iqbal, - U.S. -, 129 S. Ct.

27  1937, 1949, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim,

28  "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

1   to relief that is plausible on its face.' [citation omitted].  A claim has facial plausibility

2   when the plaintiff pleads factual content that allows the court to draw the reasonable

3   inference that the defendant is liable for the misconduct alleged.").

4        Based on its review and consideration of the allegations of the FAC under the

5   relevant standards, it again appears to the Court that plaintiff's factual allegations may

6   be sufficient to state claims under the Fourth Amendment against the two deputies.

7   (See section III below.)  However, the FAC suffers from the same general pleading

8   deficiencies as those contained in the Complaint, which are discussed hereafter.

9   Accordingly, the FAC is dismissed with leave to amend.  See Noll v. Carlson, 809

10  F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to

11  amend his complaint unless it is absolutely clear that the deficiencies of the complaint

12  cannot be cured by amendment).

13

14              **SUMMARY OF PLAINTIFF'S FACTUAL ALLEGATIONS**

15       Plaintiff alleges that he was pulled over by Deputies Chavez and West at around

16  8:10 p.m. on December 4, 2007.  Plaintiff  handed over his license and asked why he

17  had been stopped.  One of the deputies stated that "there have been several Range

18  Rovers stolen in this area."  (FAC at 5).  Plaintiff informed the deputies that his Range

19  Rover was not stolen and that it was registered to his wife, who had the same last

20  name and address as did plaintiff.  One of the deputies asked plaintiff if he could

21  search the vehicle.  Plaintiff refused, and the deputy ordered him out of the vehicle.

22  Plaintiff complied. He alleges that the deputy then "quickly and forcefully detained"

23  plaintiff by placing him in the back of the sheriff's car.  (FAC at p. 5 attachment).  The

24  deputy soon returned to plaintiff where he sat in the sheriff's car and said that he had

25  found a small bag of marijuana in plaintiff's vehicle.  The deputy then began to search

26  the vehicle fully by "climbing over [the] seats."  Plaintiff yelled at the deputy to stop.

27  The deputy asked plaintiff how to open the doors, and plaintiff explained.  (FAC at

28  p. 5 attachment).

1   The other deputy and plaintiff engaged in a five to ten minute argument about
2   the basis for the search of the vehicle.  The deputy told plaintiff that they believed that
3   the vehicle was stolen and asked to call plaintiff's wife.  Plaintiff refused repeatedly.
4   The deputy became "loud and disrespectful" and demanded the number for plaintiff's
5   wife.  (FAC at p. 5 attachment).

6   Meanwhile, the other deputy continued to search the vehicle; he placed
7   plaintiff's clothing on the street.  (FAC at p. 5 attachment).  Both deputies then
8   proceeded to stand at either side of plaintiff's vehicle for "30 to 45 minutes" making
9   and answering calls on plaintiff's cell phone.  (FAC at p. 5 attachment).  Plaintiff
10  alleges that his wife called him, but the female deputy answered and his wife hung up,
11  believing that she had reached the wrong number.  (FAC at p. 5 attachment).  The
12  deputy called plaintiff's wife back and asked her "a lot of questions to confirm" that
13  the vehicle was not stolen.  (FAC at p. 5 attachment).

14  Plaintiff eventually was released and given a citation for possession of
15  marijuana and violation of Cal. Vehicle Code § 5201(f) ("impaired" license plate).
16  (FAC at p. 5 attachment and attached citation).  Plaintiff alleges that both of the stated
17  reasons on the citation "were untrue."  (FAC at p. 5 attachment).

18
19                                    **DISCUSSION**
20  **I.    The FAC fails to comply with the pleading requirements of Federal Rule**
21  **of Civil Procedure 8.**

22  Fed. R. Civ. P. 8(a) requires that a complaint contain "a short and plain
23  statement of the claim showing that the pleader is entitled to relief."  Rule 8(e)(1)
24  further provides that "[e]ach averment of a pleading shall be simple, concise, and
25  direct."  See also Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998-99, 152
26  L. Ed. 2d 1 (2002) (holding that Federal Rule 8(a)'s simplified notice pleading
27  standard applies to all civil actions, except those delineated in Rule 9(b)).  As the
28  Supreme Court has recently clarified, Rule 8(a) "requires a 'showing,' rather than a

1    blanket assertion, of entitlement to relief."  Twombly, 127 S. Ct. at 1965.  Although

2    the court must construe a pro se plaintiff's complaint liberally, plaintiff nonetheless

3    must allege a minimum factual and legal basis for each claim that is sufficient to give

4    each defendant fair notice of what plaintiff's claims are and the grounds upon which

5    they rest.  See, e.g., Iqbal, 129 S. Ct. 1937; Brazil v. United States Dep't of the Navy,

6    66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.

7    1991).  Moreover, failure to comply with Rule 8 constitutes an independent basis for

8    dismissal of a complaint that applies even if the claims in a complaint are not found

9    to be wholly without merit.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir.

10   1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

11        Here, plaintiff's FAC fails to set forth a minimum factual and legal basis for his

12   claims that is sufficient to give each defendant fair notice of the number of claims

13   plaintiff is purporting to raise, the factual basis for each claim, the legal basis for each

14   claim, and which claims plaintiff is purporting to raise against each defendant.

15   Because plaintiff has failed to link any portion of his factual narrative to any specific

16   claim, the Court is unable to discern the nature of plaintiff's federal civil rights claims.

17   In order to comply with Rule 8, plaintiff must clearly and concisely set forth the

18   factual and legal grounds for each civil rights violation that he is purporting to allege.

19   Further, plaintiff must clearly specify which claims he is purporting to raise against

20   which defendant.  Specifically, although plaintiff names the LACSD as a defendant,

21   he fails to make any specific allegations against this defendant in the body of his FAC.

22   In addition, although plaintiff makes a passing reference to "search and seizure," he

23   fails to specify the nature of his Fourth Amendment claim or claims.  Plaintiff need

24   not identify the precise statutory or constitutional source of a claim, but his allegations

25   must be sufficient to "give the defendant fair notice of what the … claim is and the

26   grounds upon which it rests." Twombly, 127 S. Ct. at 1964; see also Alvarez v. Hill,

27   518 F.3d 1152, 1157 (9th Cir. 2008).

28        Accordingly, due to plaintiff's failure to set forth a short and plain statement of

1  each of his civil rights claims against each defendant, the Court finds that plaintiff's
2  FAC fails to comply with Fed. R. Civ. P. 8.

3

4  **II.      Plaintiff's allegations are insufficient to state a federal civil rights claim**
5  **against the LACSD, or the deputies in their official capacities.**[2]

6       The Supreme Court has held that an "official-capacity suit is, in all respects
7  other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473
8  U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); <u>see also</u> <u>Brandon v. Holt</u>,
9  469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); <u>Larez v. City of Los</u>
10 <u>Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is not a suit against the
11 official personally, for the real party in interest is the entity." <u>Graham</u>, <u>supra</u>.  Further,
12 the Supreme Court has held that a local government entity such as the LACSD "may
13 not be sued under § 1983 for an injury inflicted solely by its employees or agents.
14 Instead, it is only when execution of a government's policy or custom, whether made
15 by its lawmakers or by those whose edicts or acts may fairly be said to represent
16 official policy, inflicts the injury that the government as an entity is responsible under
17 § 1983." <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658, 694, 98
18 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

19      Thus, the LACSD may not be held liable for the actions of the two LACSD
20 deputies for allegedly subjecting plaintiff to an unconstitutional search and/or seizure
21 unless "the action that is alleged to be unconstitutional implements or executes a
22 policy statement, ordinance, regulation, or decision officially adopted or promulgated
23 by that body's officers," or if the alleged constitutional deprivation was "visited
24 pursuant to a governmental 'custom' even though such a custom has not received
25 formal approval through the body's official decision-making channels." <u>Monell</u>, 436

26

27
        [2]      Plaintiff names Deputies West and Chavez as defendants in their
28 individual as well as official capacities. (<u>See</u> FAC at 3).

1  U.S. at 690-91; see also Redman v. County of San Diego, 942 F.2d 1435, 1443-44
2  (9th Cir. 1991).

3       Here, plaintiff again does not purport to identify any policies, ordinances,
4  regulations, customs or the like of the LACSD, the execution of which allegedly
5  inflicted the constitutional injuries about which he is complaining.  The Court
6  therefore finds that the allegations of the FAC are insufficient to state a federal civil
7  rights claim upon which relief may be granted against the LACSD, or Deputies
8  Chavez and West in their official capacities.

9

10  **III.**   **Plaintiff's factual allegations appear to be sufficient to state claims under**
11         **the Fourth Amendment against the two deputies in their individual**
12         **capacities.**
13         A.    <u>To the extent that plaintiff may be purporting to allege that the deputies</u>
14             <u>violated the Fourth Amendment by stopping his vehicle without</u>
15             <u>reasonable suspicion, his allegations may be sufficient to state a claim.</u>
16       "[A]n officer may, consistent with the Fourth Amendment, conduct a brief,
17  investigatory stop when the officer has a reasonable, articulable suspicion that
18  criminal activity is afoot."  See Illinois v. Wardlow, 528 U.S. 119, 123, 120 S. Ct.
19  673, 145 L. Ed. 2d 570 (2000) (citing Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868,
20  20 L. Ed. 2d 889 (1967)).  "[A] law enforcement officer's reasonable suspicion that
21  a person may be involved in criminal activity permits the officer to stop the person for
22  a brief time and take additional steps to investigate further."  Hiibel v. Sixth Judicial
23  Dist. Court, 542 U.S. 177, 185, 124 S. Ct. 2451, 159 L. Ed. 2d 292 (2004).
24       Here, accepting plaintiff's allegations of material fact as true and construing
25  them in the light most favorable to plaintiff, the officers stopped plaintiff merely
26  because "there have been several Range Rovers stolen in this area." (FAC at 5).  This
27  stated reason is insufficient to constitute a "reasonable suspicion," which requires that
28  an officer "be able to articulate more than an inchoate and unparticularized suspicion

1  or hunch of criminal activity."  See Wardlow, 528 U.S. at 123-24 (citing Terry 392

2  U.S. at 27, n.2) (internal quotation marks omitted); see also  United States v. Colin,

3  314 F.3d 439, 442 (9th Cir. 2002) ("An officer's inferences must be grounded in

4  objective facts and be capable of rational explanation." (internal quotation marks

5  omitted)); United States v. Thomas, 211 F.3d 1186, 1191 (9th Cir. 2000) (an

6  "unsupported hunch does not support a finding of reasonable suspicion").

7      Plaintiff, however, has attached to his FAC a copy of the citation that he alleges

8  was given to him by the deputies. (See FAC at p. 5 attachment and citation attached).

9  The citation attached reflects that plaintiff was cited for a violation of Cal. Vehicle

10  Code § 5201(f), which provides in relevant part that "[a] covering shall not be used

11  on license plates" except as specified in the statute.  The citation indicates that

12  plaintiff's license plate was obstructed in some visible manner. (See FAC, attachment

13  ("impaired vis. of lic. plate")).  Consequently, it appears that the deputies may have

14  had a reasonable basis to stop plaintiff's vehicle based on their observation of a

15  violation of the Cal. Vehicle Code.  See, e.g., Whren v. United States, 517 U.S. 806,

16  810, 116 S. Ct. 1769, 135 L. Ed. 2d 89, (1996) ("As a general matter, the decision to

17  stop an automobile is reasonable where the police have probable cause to believe that

18  a traffic violation has occurred."); United States v. Norris, 2009 WL 1144185 at *1,

19  2009 U.S. App. LEXIS 9130 at *2 (9th Cir. 2009) (holding that a crack in the

20  windshield created a reasonable suspicion that defendant was driving in violation of

21  the Cal. Vehicle Code, justifying an investigatory traffic stop) (now citable for its

22  persuasive value pursuant to Ninth Circuit Rule 36-3).

23      In his FAC, plaintiff further alleges that the citation (for both the Vehicle Code

24  violation and for possession of marijuana) was "untrue."  (FAC at p. 5 attachment).

25  Accordingly, it is not clear to the Court whether plaintiff is purporting to allege that

26  the deputies had no reasonable basis to believe that plaintiff had committed a traffic

27  violation at the time of the stop, or whether he is purporting to allege that the deputies

28  used  the  observed  traffic  violation  as  a  pretext  to  investigate  their  otherwise

8

1   impermissible suspicion that he was driving a stolen vehicle.  If plaintiff is alleging

2   a pretexual but observable vehicle code violation, his allegations are insufficient to

3   state a claim under the Fourth Amendment.  See Whren, 517 U.S. at 813-14

4   (subjective intent of officers is not relevant in inquiry of reasonable suspicion to

5   justify a Terry stop); Scott v. United States, 436 U.S. 128, 138, 98 S. Ct. 1717, 56 L.

6   Ed. 2d 168 (1978) ("subjective intent alone … does not make otherwise lawful

7   conduct illegal or unconstitutional").  If, on the other hand, plaintiff is purporting to

8   allege that there was in fact no observable vehicle code violation at the time that the

9   deputies stopped and questioned him, his allegations arguably may be adequate to

10  state a claim under the Fourth Amendment against the two deputies.

11

12          B.      To the extent that plaintiff may be alleging that his continued detention

13                  after the stop violated the Fourth Amendment, his allegations may be

14                  sufficient to state a claim against the two deputies in their individual

15                  capacities.

16          In Arizona v. Johnson, 129 S. Ct. 781, 788, 172 L. Ed. 2d 694 (2009), the

17  Supreme Court clarified (citing Muehler v. Mena, 544 U.S. 93, 100-101, 125 S. Ct.

18  1465, 161 L. Ed. 2d 299 (2005)) that:

19                  "An officer's inquiries into matters unrelated to the

20                  justification for the traffic stop, this Court has made plain,

21                  do not convert the encounter into something other than a

22                  lawful seizure, so long as those inquiries do not measurably

23                  extend the duration of the stop."

24

25  Accordingly, the deputies' questioning of plaintiff on matters unrelated to the

26  justification for the traffic stop does not require independent reasonable suspicion as

27  long as the questioning did not unnecessarily prolong the stop.  See United States v.

28  Turvin, 517 F.3d 1097, 1103-04 (9th Cir. 2008); United States v. Mendez, 476 F.3d

9

1    1077, 1080-81 (9th Cir.) ("mere police questioning does not constitute a seizure unless

2    it prolongs the detention of the individual, and, thus, no reasonable suspicion is

3    required to justify questioning that does not prolong the stop" (internal quotation

4    marks omitted)), cert. denied, 550 U.S. 946 (2007).

5        Here, however, once again accepting plaintiff's allegations of material fact as

6    true and construing them in the light most favorable to plaintiff, plaintiff has alleged

7    that the deputies detained him in the back of the patrol car for a period of perhaps an

8    hour while they searched his vehicle, questioned him about the ownership of the

9    vehicle, and made and received calls on his cell phone.  Accordingly, although the

10    deputies' inquiry into the ownership of the vehicle alone would not raise a claim of

11    unlawful detention, plaintiff's allegations arguably may be sufficient to allege that the

12    officers detained him longer than was necessary to conduct a diligent and reasonable

13    investigation.  See, e.g., Center for Bio-Ethical Reform, Inc. v. Los Angeles County

14    Sheriff Dep't, 533 F.3d 780, 798 (9th Cir. 2008) (holding that a 75 minute detention

15    following a Terry stop for a possible vehicle violation violated the Fourth Amendment

16    where the deputies detained plaintiffs while investigating other grounds for charging

17    them), cert. denied, 129 S. Ct. 903 (2009); Haynie v. County of Los Angeles, 339 F.3d

18    1071, 1077 (9th Cir. 2003) (holding that a 16-20 minute detention in back of police

19    car in handcuffs was not an arrest because the actions were reasonable in completing

20    the officer's investigation).

21

22       C.     <u>To the extent that plaintiff may be alleging that the search of his vehicle</u>

23              <u>violated the Fourth Amendment, his allegations may be sufficient to state</u>

24              <u>a claim against the two deputies in their individual capacities.</u>

25        To the extent that plaintiff may be purporting to raise a claim based on the

26    search of his vehicle, his allegations, accepted as true and construed in the light most

27    favorable to plaintiff, may be sufficient to state a claim under the Fourth Amendment.

28    The Supreme Court has held that a traffic stop alone does not authorize "the officer,

1  consistently [sic] with the Fourth Amendment, to conduct a full search of the car."
2  Knowles v. Iowa, 525 U.S. 113, 114, 119 S. Ct. 484, 142 L. Ed. 2d 492 (1998); see
3  also Arizona v. Gant, 129 S. Ct. 1710, 1714, 173 L. Ed. 2d 485 (2009) ("vehicle
4  search incident to a recent occupant's arrest after the arrestee has been secured and
5  cannot access the interior of the vehicle" is not authorized).  As alleged by plaintiff,
6  the deputies could have had no reasonable basis to believe that evidence of any
7  criminal activity would be found in plaintiff's car, nor do the allegations reflect that
8  plaintiff was "within reaching distance of the passenger compartment at the time of
9  the search."  Gant, 129 S. Ct. at 1723.

10                          ******************

11      If plaintiff still desires to pursue this action, he is ORDERED to file a Second
12  Amended Complaint within thirty (30) days of the service date of this Order,
13  remedying the deficiencies discussed above.  The clerk is directed to send plaintiff a
14  blank Central District civil rights complaint form, which plaintiff is encouraged to
15  utilize.

16      If plaintiff chooses to file a Second Amended Complaint, it should bear the
17  docket number assigned in this case; be labeled "Second Amended Complaint"; and
18  be complete in and of itself without reference to the original Complaint, the FAC, or
19  any other pleading, attachment or document.

20      **Plaintiff is admonished that, if he fails to timely file a Second Amended**
21  **Complaint, the Court will recommend that the action be dismissed with**
22  **prejudice on the grounds set forth above and for failure to diligently prosecute.**

23

24  DATED: October 23, 2009

25

26                                                        _____
27                                                        DAVID T. BRISTOW
                                                          UNITED STATES MAGISTRATE JUDGE
28

11